RENDERED: FEBRUARY 13, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0341-ME

G.M.B.                                                                                    APPELLANT


APPEAL FROM ROWAN CIRCUIT COURT
v.      HONORABLE ELIZABETH H. DAVIS, JUDGE
ACTION NO. 23-AD-00014


COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND FAMILY
SERVICES; K.L.P.; AND L.F.L.P., A
MINOR CHILD                                                           APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, L. JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  G.M.B.[1] brings this appeal from both Findings of Fact and

Conclusions of Law and from a Judgment Terminating Parental Rights of Natural

Father entered on February 10, 2025, in the Rowan Circuit Court.  We affirm.

---

[1] In the record, we note that G.M.B. is sometimes referred to as G.M.K.B.  Throughout this
Opinion, we will use G.M.B. as set forth in the Notice of Appeal.

At the age of thirteen, K.L.P. was raped by G.M.B., who was the live-in boyfriend of K.L.P.'s mother. As a result, K.L.P. bore a female child, L.F.L.P., on July 28, 2016. G.M.B. was ultimately convicted of rape of a child in the second degree and incarcerated. G.M.B. was released from prison in May of 2023.

On June 27, 2023, a petition to terminate the parental rights of G.M.B. as to L.F.L.P. was filed. G.M.B. was appointed counsel to represent him during the termination proceedings. G.M.B. was barred from exercising custody or visitation with L.F.L.P. by operation of Kentucky Revised Statute (KRS) 403.322(2) and KRS 405.028(1),[2] which prohibits a rapist of the biological mother from having custody or visitation with a child born from the rape.[3] After the hearing, the circuit court rendered Findings of Fact and Conclusions of Law and

---

[2] Kentucky Revised Statutes (KRS) 403.322(2) provides:

> Except as provided in subsection (3) of this section, any person who has been convicted of a felony offense under KRS Chapter 510, or a comparable offense from another jurisdiction, in which the victim of that offense has conceived and delivered a child, shall not have custody or visitation rights, or the rights of inheritance under KRS Chapter 391 with respect to that child.

And, KRS 405.028(1) reads:

> Except as provided in subsection (2) of this section, any person who has been convicted of a felony offense under KRS Chapter 510, or a comparable offense from another jurisdiction, in which the victim of that offense has conceived and delivered a child, shall not have custody or visitation rights, or the right of inheritance under KRS Chapter 391 with respect to that child.

[3] KRS 403.322(3) and KRS 405.028(2) provide exceptions that permits the biological mother to waive its protections.

Judgment Terminating the Parental Rights of Natural Father entered on February 10, 2025. The circuit court terminated the parental rights of G.M.B. as to L.F.L.P.

Counsel for G.M.B. timely filed a notice of appeal from the February 10, 2025, judgment terminating G.M.B.'s parental rights. Thereafter, counsel for G.M.B. filed a motion for leave to file a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and alleged that no meritorious arguments existed to present on appeal. *See A.C. v. Cabinet for Health and Family Services*, 362 S.W.3d 361 (Ky. App. 2012). Counsel also filed a motion to withdraw. By Order entered June 26, 2025, this Court granted the motion to file the *Anders* brief, passed the motion to withdraw as counsel to the merit's panel, and gave G.M.B. thirty days to file a *pro se* supplemental brief. G.M.B. has not filed a supplemental brief.

When appealing from a judgment involuntarily terminating parental rights, counsel for a parent is permitted to file an *Anders* brief if counsel believes there are no meritorious grounds for the appeal after conducting a good faith review of the record. *A.C.*, 362 S.W.3d at 368-69, 370-71. When counsel files an *Anders* brief, the Court of Appeals is bound to "independently review the record and ascertain whether the appeal is, in fact, void of nonfrivolous grounds for reversal." *Id.* at 372.

In Kentucky, parental rights can be involuntarily terminated only if there is clear and convincing evidence that the child was neglected or abused per

KRS 600.020(1), it is in the best interest of the child, at least one of the factors in KRS 625.090(2)(a)-(k) are shown, and the cabinet filed a petition under KRS 620.180 or KRS 625.050. *J.W. v. Cabinet for Health and Family Services*, 719 S.W.3d 70, 77 (Ky. App. 2025).

In this case, we have conducted a thorough and independent review of the record and conclude that clear and convincing evidence supports the circuit court's judgment terminating G.M.B.'s parental rights as to L.F.L.P. At the hearing, K.L.P. testified that G.M.B. frequently had sexual relations with her starting when she was only thirteen years old and while he was living with her mother. K.L.P. stated that G.M.B. impregnated her and that G.M.B. was the father of L.F.L.P. Video Record (VR) 02/06/2025 at 1:23 p.m. K.L.P. wanted G.M.B.'s parental rights terminated to protect L.F.L.P. VR 02/06/2025 at 1:41 p.m. K.L.P. expressed fear that if she should pass away, G.M.B. could obtain custody of L.F.L.P. VR 02/06/2025 at 1:42 p.m.; 2:07 p.m. K.L.P. testified that she believed G.M.B. would also sexually assault L.F.L.P. if he gained custody of her as a minor. VR 02/06/2025 at 1:30 p.m.

G.M.B. testified that he wanted to establish a relationship with L.F.L.P., as he was her biological father, and he would not pose a danger to L.F.L.P. VR 2/06/2025 at 2:15 p.m.; 2:19 p.m.; 2:27 p.m. G.M.B. stated that he wanted to have visitation with L.F.L.P. and engage in fatherly activities with her.

-4-

Upon cross-examination, G.M.B. admitted that he engaged in fatherly activities with K.L.P. VR 2/06/2025 at 2:24 p.m. G.M.B. stated that he never physically forced K.L.P. to engage in sexual relations. As a matter of fact, G.M.B. testified that he never did anything to harm K.L.P. and never struck her. VR 2/06/2025 at 2:19 p.m.; 2:24 p.m. G.M.B. was questioned how he could say that he never harmed K.L.P. when he had engaged in sexual acts with her at a very young age. VR 2/06/2025 at 2:25 p.m. G.M.B. replied that K.L.P. consented to the sexual acts. VR 2/06/2025 at 2:25-2:26 p.m. And, when specifically questioned whether in his mind if a child consented to sexual acts, you have not caused harm to that child, G.M.B. answered in the affirmative. VR 2/06/2025 at 2:26-2:28 p.m.

The circuit court rendered detailed findings of fact which we adopt herein by reference. The circuit court complied with all relevant statutory mandates for involuntarily terminating G.M.B.'s parental rights to L.F.L.P. There was more than clear and convincing evidence supporting the circuit court's termination of G.M.B.'s parental rights. In fact, we can discern of no legal basis or reason to set aside the circuit court's judgment terminating G.M.B.'s parental rights. Consequently, we conclude that there is no valid basis for reversing the termination of G.M.B.'s parental rights.

For the foregoing reasons, the Judgment Terminating Parental Rights of Natural Father entered by the Rowan Circuit Court is affirmed.

ALL CONCUR.


BRIEF FOR APPELLANT:        NO BRIEF FOR APPELLEE.

Howard D. Stone
Owingsville, Kentucky